UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | Criminal No. 6:00-cr-38-GFVT-HAI-1 |
| V. | ) | |
| RODNEY ADAMS, | ) | **ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Recommended Disposition [R. 382] filed by United States Magistrate Judge Hanly A. Ingram. The Defendant, Rodney Adams, is charged with violating his supervised release as he failed to abstain from alcohol, failed to truthfully answer questions from, and following the instructions of, a United States Probation Officer (USPO), and failed to submit to drug testing as directed by the USPO. [*Id.* at 2.] Judgment was originally entered against the Defendant on February 13, 2002, after Mr. Adams pled guilty to conspiracy to possess with the intent to distribute, and the distribution of, more than 1,000 kilograms of marijuana and conspiracy to commit laundering of money instruments. [*Id.* at 1.] He was originally sentenced to 210 months followed by a five-year term of supervised release. [*Id.*] Mr. Adams began his term of supervised release on July 25, 2016. [*Id.*]

On October 11, 2017, the Pulaski County Sheriff's Office served Mr. Adams with an eviction notice following a verbal argument between Mr. Adams and his landlord. [*Id.*] Mr. Adams's USPO received information about the verbal altercation and visited Mr. Adams at his

apartment complex. [*Id.*] At that time, Mr. Adams admitted to the USPO that he had consumed alcohol and four prescription Xanax pills. [*Id.* at 1-2.] Mr. Adams submitted to a breath test, which returned positive results for alcohol, but refused to submit to a urinalysis and failed to produce a prescription for the Xanax he admitted consuming. [*Id.* at 2.] The USPO instructed Mr. Adams to report to the probation office the following morning to submit to a urinalysis; however, Defendant failed to report as directed. [*Id.*]

Mr. Adams was arrested on October 16, 2017, for violating the conditions of his supervised release. [R. 377.] At the final revocation hearing, held on October 24, 2017, Adams competently entered a knowing, voluntary, and intelligent stipulation to all violations that had been charged by the USPO in the Supervised Release Violation Report. [R. 382 at 2-3.] On October 26, 2017, Magistrate Judge Ingram issued a Recommended Disposition which recommended revocation of Adams's supervised release and a term of seven months of imprisonment followed by a four-year term of supervised release. [*Id.* at 9.]

Judge Ingram appropriately considered the 18 U.S.C. § 3553 factors in coming to his recommended sentence, and noted that Mr. Adams initially received a below Guideline sentence for a conviction related to a particularly large amount of illegal drugs. [*Id.* at 7.] In determining an appropriate recommended sentence, the Magistrate Judge also pointed to Defendant's lengthy criminal history evidencing a propensity to commit serious crimes and the Defendant's mere disregard for the trust placed in him by the Court. [*Id.*]

Pursuant to Rule 59(b) of the Federal Rules of Criminal Procedure, the Recommended Disposition further advises the parties that objections must be filed within fourteen (14) days of service. [*Id*. at 10.] *See* 28 U.S.C. § 636(b)(1). No objections have been filed, and Defendant Adams submitted a waiver of allocution. [R. 383.] Generally, this Court must make a *de novo*

determination of those portions of the Recommended Disposition to which objections are made. 28 U.S.C. § 636(b)(1)(c). When no objections are made, as in this case, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn*, 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Nevertheless, this Court has examined the record and agrees with Magistrate Judge Ingram's Recommended Disposition. Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. The Recommended Disposition [**R. 382**] as to Defendant Rodney Adams is **ADOPTED** as and for the Opinion of the Court;

2. Defendant Adams is found to have violated the terms of his Supervised Release as set forth in the Report filed by the U.S. Probation Officer and the Recommended Disposition of the Magistrate Judge;

3. Adams's Supervised Release is **REVOKED**;

4. Mr. Adams is **SENTENCED** to the Custody of the Bureau of Prisons for a term of seven months of imprisonment;

5. A four-year term of supervised release under the same conditions originally imposed along with the following additional conditions:

    a) You must submit your person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States probation officer. Failure to submit to a search may be

grounds for revocation of release. You must warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that you have violated a condition of your supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner;

b) You must provide to the USPO, within 7 (seven) days of release from the custody of the Bureau of Prisons, a written report, in a form the USPO directs, listing each and every prescription medication in your possession, custody or control. The list must include, but not be limited to, any prescription medication that contains a controlled substance and encompasses all current, past and outdated or expired prescription medications in your possession, custody, or control at the time of the report;

c) You must notify the USPO immediately (i.e. within no later than 72 hours) if you receive any prescription for a medication containing a controlled substance during the period of supervised release. You must provide the USPO such documentation and verification as the USPO may reasonably request and in a form the USPO directs;

d) You must comply strictly with the orders of any physician or other prescribing source with respect to use of all prescription medications; and

e) You must report any theft or destruction of your prescription medications to the U.S. Probation Officer within 72 hours of the theft or destruction.

This the 14th day of November, 2017.

Gregory F. Van Tatenhove
United States District Judge