UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | No. 6:00-CR-38-GFVT-HAI-1 |
| ) | |
| v. ) | RECOMMENDED DISPOSITION |
| ) | |
| RODNEY ADAMS, ) | |
| ) | |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On referral from District Judge Van Tatenhove, the Court considers reported violations of supervised release by Defendant Rodney Adams. *See* D.E. 386. Former Chief Judge Coffman entered a judgment against Defendant on February 7, 2002, following his guilty plea to violating 21 U.S.C. § 846, conspiracy to possess with the intent to distribute, and distribution of, more than 1,000 kilograms of marijuana, and to violating 18 U.S.C. § 1956(h), conspiracy to commit laundering of monetary instruments. D.E. 355. Defendant was originally sentenced to 210 months of imprisonment and a five-year term of supervised release. *Id.* On July 25, 2016, Defendant was released from the custody of the Bureau Prisons to begin his term of supervision.

In November 2017, Defendant's term of supervised release was revoked due to his use of alcohol, failure to follow the instructions of his probation officer, and failure to submit to drug testing. *See* D.E. 382. At that time, he was sentenced to seven months of imprisonment, with four years of supervised release to follow. D.E. 385 at 2–3. On May 15, 2018, Defendant began his second term of supervised release.

I.

On August 6, 2018, the United States Probation Office ("USPO") issued a Supervised Release Violation Report ("the Report") charging Defendant with two violations. The USPO then secured a warrant from District Judge Van Tatenhove on August 9, 2018. *See* D.E. 386; D.E. 387.

According to the Report, on August 4, 2018, Defendant was arrested by the Somerset (Kentucky) Police Department and charged with: failure to/or improper signal, in violation of KRS § 189.380; careless driving, in violation of KRS § 189.290; and operating a motor vehicle under the influence of alcohol/drugs, 1st offense, in violation of KRS § 189A.010(5A). Defendant was released on bond on August 5, and his arraignment was scheduled for August 27. Based on this conduct, the Report alleges that Defendant violated the condition of his release that states he "must not commit another federal, state or local crime." This is a Grade C violation. *See* U.S.S.G. § 7B1.1(a)(3).

The Report also states that Defendant told his probation officer that he had consumed bourbon prior to operating the vehicle, but he believed he was under the legal limit. On that basis, the Report alleges that Defendant violated the condition of his release that states he "must abstain from the use of alcohol." This is also a Grade C violation. *See id.*

II.

Magistrate Judge Atkins conducted Defendant's initial appearance pursuant to Federal Rule of Criminal Procedure 32.1 on August 22, 2018. D.E. 389. During the hearing, Defendant made a knowing, voluntary, and intelligent waiver of his right to a preliminary hearing. *Id.* At that time, the United States made an oral motion for detention. *Id.* Based on the heavy defense burden under 18 U.S.C. § 3143(a), the Court found that Defendant failed to carry his release burden and that detention was required. *Id.*

At the final hearing on November 13, 2018, Defendant was afforded all rights under Rule 32.1 and 18 U.S.C. § 3583. D.E. 399. Defendant waived a formal hearing and stipulated to the violations set forth in the Report. *Id.* The Court found Defendant competently stipulated to the violations and that the stipulation was knowingly, voluntarily, and intelligently made. *Id.* The Court also found the stipulation to be consistent with the advice of Defendant's counsel. *Id.*

Of course, the Court must find "by a preponderance of the evidence that the defendant violated a condition of supervised release." 18 U.S.C. § 3583(e)(3); *see also United States v. Cofield*, 233 F.3d 405, 406 (6th Cir. 2000) ("In order to revoke supervised release, the sentencing court must find by a preponderance of the evidence that a defendant has violated a condition of his supervised release."). Defendant's stipulation permits the Court to find that he engaged in conduct that constitutes Grade C violations under the Guidelines. *See* U.S.S.G. § 7B1.1(a)(3).

Based on Defendant's stipulation, the government agreed to not recommend a sentence outside of the advisory Guidelines range. Instead, the government recommended a sentence of eleven months, which is at the top end of the Guidelines range, to be followed by four years of supervised release. Defense counsel did not oppose the government's request for four years of supervision. However, concerning a term of imprisonment, defense counsel asked for a sentence at the bottom of the Guidelines range.

### III.

The Court has reviewed the entire record, including the Report and its accompanying documents, and the sentencing materials underlying Defendant's original judgment. The Court has also considered all of the 18 U.S.C. § 3553(a) factors imported into the 18 U.S.C. § 3583(e) analysis. Through that consideration, the Court will recommend that Defendant's supervision be

3

revoked and that he be sentenced to eleven months of imprisonment followed by four years of supervised release.

Under 18 U.S.C. § 3583(e)(3), a defendant's maximum penalty for a supervised release violation hinges on the gravity of the underlying offense of conviction. Relevant here, Defendant's conviction pursuant to 21 U.S.C. § 846 for conspiracy to possess with the intent to distribute, and distribution of, more than 1000 kilograms of marijuana is a Class A felony. *See* 21 U.S.C. §§ 841(b)(1)(A), 846. For a Class A felony, the maximum revocation sentence provided under 18 U.S.C. § 3583 is five years of imprisonment. *See* 18 U.S.C. § 3583(e)(3). However, because Defendant's underlying offense occurred before April 30, 2003, he is not subject to the provisions of the Prosecutorial Remedies and Other Tools to End the Exploitation of Children Today Act of 2003 ("PROTECT Act"). *See United States v.* Lewis, 504 F. Supp. 2d 708, 711 (W.D. Mo. 2007). Thus, the maximum amount of imprisonment the Court may impose on Defendant is 53 months, which gives him credit for the previous term of imprisonment he served following his prior revocation. *See id.*

The Policy Statements in Chapter 7 of the Guidelines provide advisory imprisonment ranges for revocation premised on Defendant's criminal history (at the time of original sentencing) and the "grade" of the particular violation proven. *See United States v. Perez-Arellano*, 212 F. App'x 436, 438 (6th Cir. 2007) ("Although the policy statements found in Chapter Seven of the United States Sentencing Guidelines recommend ranges of imprisonment, such statements 'are merely advisory' and need only be considered by the district court before sentence is imposed.") (internal citation omitted). Under U.S.S.G. § 7B1.1(a)(3), Defendant's admitted conduct qualifies as a Grade C violation with respect to both violations. Given Defendant's criminal history category of III (the category at the time of his conviction in this District) and a Grade C violation,

4

Defendant's range, under the Revocation Table of Chapter 7, is five to eleven months. *See* U.S.S.G. § 7B1.4(a). Both parties agreed to this calculation of the range.

The Court's consideration of all the statutory factors informs its recommended sentence of revocation with eleven months of imprisonment followed by four years of supervised release. *See* 18 U.S.C. §§ 3553(a), 3583(e). Likewise, the parties addressed the statutory factors in making their sentencing recommendations to the Court.

First, concerning the nature and circumstances of the underlying offense, Defendant was involved in a complicated drug conspiracy, in which he admitted to conspiring to launder monetary instruments. By driving after drinking, Defendant shows that he is still willing to engage in criminal activity, and the Court finds that Defendant's history and characteristics reveal few mitigating factors for it to consider. Although Defendant did more readily admit his conduct this time compared to his prior revocation, the Court cannot tolerate Defendant's continued flouting of the conditions imposed on him.

As the government argued at the final hearing, Defendant's use of alcohol drives this analysis. Specifically, Defendant admitted to driving under the influence of alcohol. That conduct heavily implicates the Court's need to deter criminal conduct and the need to protect the public from other crimes. By attempting to operate a motor vehicle after consuming bourbon, Defendant placed himself and others at a serious risk of harm. And, as reflected by his prior revocation, Defendant has a history of making poor decisions when alcohol is involved.

The Court must also consider whether a defendant needs any education, training, or treatment. From the record, it is apparent that Defendant needs substance-abuse treatment, especially in regard to his use of alcohol. However, the Court declines to make any specific recommendation regarding treatment for Defendant at this time. Instead, it will be incumbent on

5

Defendant to be honest with his probation officer upon his release so that the USPO may help him seek treatment, if appropriate. Relatedly, concerning his health, Defendant told the Court at his final hearing of some recent diagnoses, and he asked that the Court recommend a placement at the Federal Medical Center in Lexington, Kentucky. The Court will make that recommendation but obverses that the Bureau of Prisons has a duty to provide Defendant with appropriate medical care no matter his placement.

The requirement that the Court seek to avoid unwarranted sentencing disparities among defendants with similar records who are found guilty of similar conduct is most often addressed by a recommended sentence within the Guidelines range. In this case, the Court's recommended sentence of eleven months is at the top end of the Guidelines. However, at his prior revocation, Defendant was sentenced to a term of seven months of imprisonment, which was at the lower end of the Guidelines range. The repetitive nature of Defendant's violative conduct compels the Court to reject the defense's proposed sentence and to recommend a lengthier sentence this time.

In fashioning its recommended sentence, the Court must also take into account whether an additional term of supervised release is warranted. In this case, there is no maximum term of supervised release that can be re-imposed. *See* 21 U.S.C. § 841(b)(1)(A). The government requested the Court impose an additional four years of supervised release on Defendant, and as mentioned above, defense counsel did not oppose that request. Upon consideration, the Court will adopt the parties' recommendation and will recommend a four-year term of supervision for Defendant following his release from custody. Importantly, the Court sees no reason to reduce the term of supervised release that should be imposed.

Finally, the Guidelines suggest that the ***primary*** wrong in the supervised release context is violation of the Court's trust by an offender; the particular conduct is an important but secondary

issue. *See* U.S.S.G. Chp. 7 Pt. A(3)(b) ("[A]t revocation the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator."). In this case, Defendant was released from custody in May 2018, and he violated the conditions of his release in August. The swift nature of Defendant's violative conduct and its similarity to that underlying his prior revocation demonstrate that the Court's message about the need for compliance with his conditions was not well received at his prior revocation. Defendant must do better in the future, or he will face the prospect of additional punishment that is likely to be more severe.

IV.

Based on Defendant's admitted conduct, and in consideration of the factors discussed above, the Court **RECOMMENDS**:

(1) That Defendant be found guilty of the violations;

(2) Revocation and imprisonment for a term of eleven months, including a recommendation that Defendant be considered for placement at the Federal Medical Center in Lexington, Kentucky; and

(3) Four years of supervised release under the conditions contained in Defendant's prior revocation judgment (D.E. 385).

Defendant's right of allocution under Rule 32.1 is preserved, as reflected in the record. D.E. 399. Any waiver should comport with the Court's standard waiver form, available from the Clerk. Absent waiver, the matter will be placed on District Judge Van Tatenhove's docket upon submission.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of the statute. *See also* 18 U.S.C. § 3401(i). As

defined by § 636(b)(1), within fourteen days after being served with a copy of this recommended decision, any party may serve and file written objections to any or all portions for consideration, de novo, by the District Court. Failure to make timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

This the 16th day of November, 2018.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge