UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No. 6:00-cr-38-GFVT-HAI-1 |
| | ) | |
| V. | ) | |
| | ) | |
| RODNEY ADAMS, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Recommended Disposition [R. 400] filed by United States Magistrate Judge Hanly A. Ingram. The Defendant, Rodney Adams, is charged with violating his supervised release as he failed to "not commit another federal, state or local crime" and he failed to "abstain from the use of alcohol." [*Id.* at 2.] Judgment was originally entered against the Defendant on February 7, 2002, after Mr. Adams pled guilty to conspiracy to possess with the intent to distribute, and distribution of, more than 1,000 kilograms of marijuana and conspiracy to commit laundering of monetary instruments. [*Id.* at 1.] He was originally sentenced to 210 months followed by a five-year term of supervised release. [*Id.*] Mr. Adams began his term of supervised release on July 25, 2016. [*Id.*] In November 2017, Mr. Adams' supervised released was revoked based upon his use of alcohol, failure to follow the instructions of his probation officer, and failure to submit to drug testing. [*Id.*] He was sentenced to seven months imprisonment and four-years supervised release for these violations. [*Id.*] On May 15, 2018, he began his second term of supervision. [*Id.*]

On August 4, 2018, Defendant was arrested by the Somerset Police Department and charged with several state law offenses: failure to/or improper signal, in violation of KRS § 189.380; careless driving, in violation of KRS § 189.290; and operating a motor vehicle under the influence of alcohol/drugs, 1st offense, in violation of KRS § 189A.010(5A). [*Id.* at 2.] According to the Report prepared by the Probation Office, the Defendant also told his probation officer that he had consumed bourbon prior to driving, but he believed he was under the legal limit. [*Id.*]

At the final revocation hearing, held on November 13, 2018, Adams competently entered a knowing, voluntary, and intelligent stipulation to all violations that had been charged by the USPO in the Supervised Release Violation Report. [R. 399.] On November 16, 2018, Magistrate Judge Ingram issued a Recommended Disposition which recommended revocation of Adams's supervised release and a term of eleven months of imprisonment followed by a four-year term of supervised release. [*Id.* at 7.]

Judge Ingram appropriately considered the 18 U.S.C. § 3553 factors in coming to his recommended sentence and noted that Mr. Adams initially received a lower end of the Guideline sentence for his prior revocation. [*Id.* at 6.] In determining an appropriate recommended sentence, the Magistrate Judge also pointed to the serious risk of harm to himself and others from the Defendant's conduct of consuming alcohol while operating a motor vehicle. [*Id.* at 5.] The Defendant also has repeated violations of the Court's trust and the conduct underlying the current violation shows a willingness to engage in criminal activity. [*Id.*] Defense counsel did not object to the United States' recommendation of four-years of supervised release. [*Id.* at 6.]

Pursuant to Rule 59(b) of the Federal Rules of Criminal Procedure, the Recommended Disposition further advises the parties that objections must be filed within fourteen (14) days of

service. [*Id*. at 9.] *See* 28 U.S.C. § 636(b)(1). No objections have been filed, and Defendant Adams submitted a waiver of allocution. [R. 401.] Generally, this Court must make a *de novo* determination of those portions of the Recommended Disposition to which objections are made. 28 U.S.C. § 636(b)(1)(c). When no objections are made, as in this case, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn*, 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Nevertheless, this Court has examined the record and agrees with Magistrate Judge Ingram's Recommended Disposition. Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. The Recommended Disposition [**R. 400**] as to Defendant Rodney Adams is **ADOPTED** as and for the Opinion of the Court;

2. Defendant Adams is found to have violated the terms of his Supervised Release as set forth in the Report filed by the U.S. Probation Officer and the Recommended Disposition of the Magistrate Judge;

3. Adams's Supervised Release is **REVOKED**;

4. Mr. Adams is **SENTENCED** to the Custody of the Bureau of Prisons for a term of eleven months of imprisonment:

5. It is further **RECOMMENDED** that Mr. Adams be placed at the Federal Medical Center in Lexington, Kentucky;

6. A four-year term of supervised release under the same conditions originally imposed along with the following additional conditions:

a) You must submit your person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States probation officer.  Failure to submit to a search may be grounds for revocation of release.  You must warn any other occupants that the premises may be subject to searches pursuant to this condition.  An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that you have violated a condition of your supervision and that the areas to be searched contain evidence of this violation.  Any search must be conducted at a reasonable time and in a reasonable manner;

b) You must provide to the USPO, within 7 (seven) days of release from the custody of the Bureau of Prisons, a written report, in a form the USPO directs, listing each and every prescription medication in your possession, custody or control.  The list must include, but not be limited to, any prescription medication that contains a controlled substance and encompasses all current, past and outdated or expired prescription medications in your possession, custody, or control at the time of the report;

c) You must notify the USPO immediately (i.e. within no later than 72 hours) if you receive any prescription for a medication containing a controlled substance during the period of supervised release.  You must provide the USPO such documentation and verification as the USPO may reasonably request and in a form the USPO directs;

d) You must comply strictly with the orders of any physician or other prescribing

source with respect to use of all prescription medications; and

e) You must report any theft or destruction of your prescription medications to the U.S. Probation Officer within 72 hours of the theft or destruction.

This the 29th day of November, 2018.

Gregory F. Van Tatenhove
United States District Judge